Edgar J. Nathan, Jr., J.
In this most unfortunate proceeding to resolve questions of the custody and welfare of the children of divorced parents, suit was started by the father’s petition and order to show cause why certain custody and visitation provisions of a separation agreement should not be altered. The mother cross-moved for an order granting her complete custody except for minimal visitation by the father.
This is not the first marriage of either of the parties, their previous marriages having ended in divorce. Since the parties’ divorce, the mother has remarried, but the father has not.
The father is a well-known musician and conductor, who is upwards of 70 years of age. The mother is 35 years of age. Each has ample means. The nature of the father’s profession requires him to travel widely in this country and abroad. The mother has appeared from time to time on the stage and on television.
There are two boys of this marriage, Leopold, known as Stan, eight years old, and Christopher, known as Chris, seven years ■old. Their custody had been agreed upon in the separation agreement dated October 21,1954 which was incorporated in the decree of divorce obtained in Mexico in 1955.
A special proceeding in equity such as this one is appropriate for determination of issues affecting the health and welfare of children. Recently it has become more popular, and frequently is availed of instead of a writ of habeas corpus. The court has broad jurisdiction of all matters affecting the health and welfare of children and the power to direct whatever is necessary to accomplish that objective. “ [W]here children are concerned, that which may be or should be done with respect to those children, in the interest of their health and welfare, is not necessarily determined by the legal rights and obligations which subsist between their parents ” (Matter of Hicks v. Bridges, 2 A D 2d 335, 339, Breitel, J.). Neither proceeding is an adversary proceeding. “ What may bind the parents may not bind the children, and does not bind what the court may do ’ ’ (Matter of Hicks v. Bridges, supra, p. 339). Accordingly this court has. full power to do whatever is necessary for the health and welfare of the two children herein who are its wards. Consequently, even though the father’s petition may fail to establish *737 any basis for court action, the issue as to what should be done in the interest of their health and welfare is before the court, and must be determined. The proceedings are not technical; the welfare of the children does not depend upon the whim of the parents, nor should it depend on the skill of counsel in trying the issues. Furthermore, the issues raised are such that once the court obtains jurisdiction, the parties cannot withdraw the proceeding without the court’s approval. Neither is it appropriate once the court has jurisdiction, to dismiss the petition or cross petition except on the merits. There is no question of burden of proof. In fact, the court on its own motion may even seek advisory opinions of experts. It is the responsibility of the court to weigh the evidence, to consider all the relevant factors, including the imponderables, and to determine as best it can what disposition is in the best interest of the health and welfare of the children. It is not easy, nor is the court adequately equipped to avail itself of all the modern learning and development in the study of family relationships, child psychology, and kindred fields. Proceedings of this sort indicate the need for a more specialized court, having broader facilities and trained personnel.
After hearing testimony in great detail over many days and without pin-pointing the various occurrences at each home, and without attempting to evaluate the effect on the boys of the various occurrences at each home, when with each parent, the court finds, unequivocally and without any reservation or doubt, that it is clearly in the best interest of the health and welfare of the two infants that the mother respondent have complete custody with generous visitation rights to the father petitioner. The mother shall have the right to determine the medical care and choose doctors. She is also to choose schools and make all final decisions in matters not specifically provided in the order to be entered hereon. It is expected, however, that she will confer with their father, keep him informed, and receive his suggestion and advice, the final decision in all instances however to be hers.
This decision is based for the most part on what the court deems generally in the best interest of the welfare of the children, rather than on any specific act or conduct on the part of either parent. No conduct on the part of either is found to be such as would warrant depriving either of a right of visitation or limited custody. The court does not find that either parent is unfit.
The situation makes necessary a measure of divided custody. This must be minimized however, in order that the infants may have so far as possible a continuing home under a consistent *738 regime with as little interruption as possible. Dining with each parent on alternate evenings is detrimental to their health and welfare. When sick they should be under their mother’s direct care.
The father should have as full visitation rights as is consistent with the health and welfare of the children. Accordingly, the following is decreed:
During the school period when the father is in New York City he shall have the children with him on alternate Saturdays or Sundays from 10 o’clock in the morning until 9 o’clock in the evening, and alternate week ends from Saturday at 10:00 a.m. to Sunday at 6:00 p.m. When the father is in New York City, the Winter and Spring school holidays shall be shared equally with the parents so long as it does not interfere with their health or holiday activities. During this Summer the father may take the boys to visit the home of friends referred to in the testimony, at Lake George for the month of August. During subsequent Summer vacations, the father shall have the boys for four consecutive weeks during either July or August, but is to advise the mother of his choice on or before February 1 of each year. He may take them anywhere within the United States, but is not to take them outside the United States without the express consent of the mother. As long as the boys have a governess, she is to remain with them during any and all periods of temporary custody or visitation with the father, he being required to make adequate provisions for such governess. As the chief purpose of temporary custody or visitation with the father is for the purpose of giving the children opportunity to be with him, the father’s adult friends are not to act as substitutes for the governess, nor to provide any sort of supplemental care or companionship for the boys while they are in the park, at the father’s home or elsewhere.- The father shall have no temporary custody nor any rights of visitation at the mother’s home or elsewhere, except as hereinabove provided.
It is a sad commentary that an entire month of the court’s time and energy has been devoted almost exclusively to the resolution of problems which mature, intelligent parents should be able to work out themselves for the sake of their children.
The parties are cautioned to make every effort to abide by the terms of the order to be entered hereon, both in letter and in spirit and to avoid at all costs any further litigation.
All motions upon which decision was reserved are denied.
Settle order forthwith.